IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

CHARLOTTE WEISS and
JEFFREY WEISS,

        Plaintiffs,

v.                                                    No. CIV 03-484 BB/DJS

LAS CRUCES POLICE DEPARTMENT,
CITY OF LAS CRUCES, BILL BAKER,
MICHAEL AVILUCEA, RUDY LOPEZ, and
SEBERTO TORRES,

        Defendants.

## MEMORANDUM OPINION
## AND
## ORDER GRANTING MOTION TO DISMISS

THIS MATTER is before the Court on Defendants' *Motion to Dismiss* [doc. 11], Plaintiffs' *Motion to Change Court Location* [doc. 31], and Plaintiffs' *Motion to Suppress Defendants' Motion to Dismiss* [docs. 57, 60]. The Court having reviewed the submissions of the parties including oral argument on January 6, 2004, GRANTS the motion to dismiss with leave to amend, and DENIES Plaintiffs' motions as moot.

### Discussion

#### Standard of Review

In deciding a motion to dismiss pursuant to FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6), the Court should accept all well-pleaded allegations in the complaint as true

and construe them in the light most favorable to the non-moving party. *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). A 12(b)(6) motion should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The Court's function on a RULE 12(b)(6) motion "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief might be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

Although *pro se* pleadings should be construed liberally, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's belief." *Hackford v. Babbitt*, 14 F.3d 1457, 1465 (10th Cir. 1994). And the Court must carefully distinguish between well-pled facts and conclusory allegations, as only the former will be taken as true. *Id.* This Court will, however, attempt to spell out the deficiencies in the complaint in relatively simple terms.

## *Discussion*

Initially, Plaintiffs' complaint totally fails to address jurisdiction. The federal courts are courts of limited jurisdiction and no district court may consider claims beyond its jurisdiction. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998). Generally, unless all plaintiffs and all defendants are residents of different states, a district court only has jurisdiction to handle cases arising under federal, not

2

state, law. 18 U.S.C. § 1331-32; *Pan Am. Petroleum Corp. v. Superior Court of Del.*, 366 U.S. 656 (1961). The complaint is the critical source for determination of whether a federal question exists. *Oshkosh Truck Corp. v. International Union*, 67 F.R.D. 122 (E.D. Wis. 1975). Plaintiffs fail to specify any federal statute from which their claims arise although they do refer vaguely to "constitutional rights" and "civil rights," both of which may encompass myriad legal principles and have either federal or state origins. A complaint may be dismissed only when it is clear no federal law is involved. *Steel Co., supra*. As is frequently the case, therefore, these *pro se* Plaintiffs have transferred the burden to the Court to attempt to sort out whether their disjointed factual recitation states any cognizable federal claims.

### *Count One*

Although somewhat rambling, this scenario could be broadly construed to allege claims for false imprisonment and/or excessive force. Indeed, Plaintiffs allege this claim involves "false detention." Such a claim does not normally derive from a federal statute but is typically a state law tort. *Cowdrey v. Eastborough, Kan.*, 730 F.2d 1376, 1380 (10th Cir. 1984). It usually requires unlawful restraint without consent. *Id.; see also Nooner v. Pillsbury Co.*, 840 F.2d 560 (8th Cir. 1988).

Plaintiffs also allege that "although there was no call made for the police to come to the scene, "they arrived at the Motel 6 on October 14, 2002 and arrested Jeffrey Weiss for negligent use of a firearm." They further allege on October 15, "J. Weiss was

dismissed of all charges." This may be sufficient to state a cause of action under New Mexico law, *Vickrey v. Dunivan*, 279 P.2d 853 (N.M. 1955), but there is no federal tort of false arrest or false detention. *Lyons v. Weltmer*, 174 F.2d 473 (4th Cir. 1949). The Court will therefore decline to exercise ancillary jurisdiction to attempt to determine the issues of state law necessary to decide probable cause for arrest under the negligent use of a firearm. It is also possible Plaintiffs are attempting to make a claim deriving from the Fourth Amendment to the United States Constitution, but additional facts would be necessary to establish any such nexus. *Pyles v. Raisor*, 60 F.3d 1211 (6th Cir. 1995); *Fee v. Herndon*, 900 F.2d 804 (5th Cir. 1990).

Plaintiffs also allege Jeffrey Weiss "did not fully awake until he arrived at the police station in handcuffs and was arrested." Upon awakening he had severe pain in his left shoulder and arm ...." Count One further alleges, after the charges were dismissed on October 15, J. Weiss was "thrown into the street, shirtless and filthy and severely injured." He was "treated for a broken left shoulder and left arm Femur." This would appear to be a layman's rough attempt to plead a cause of action for excessive force by the police under 42 U.S.C. § 1983. That provision provides a federal cause of action for violation of an individual's rights under color of state law, but again requires such prerequisites be pled. *Fee, supra*. It is also possible, especially given the statement in Count Three, Plaintiffs may only, or also, be asserting a state law claim for battery. *Cerva v. Fulmer*, 596 F. Supp. 86 (E.D. Pa. 1984).

**In order to state a prima facie case under 42 U.S.C. § 1983, Plaintiffs must show: (1) deprivation of a federally protected right and (2) that the action by a defendant was under color of state law.  In an action based on excessive force during an arrest, the plaintiff can prove deprivation of a federally protected right by demonstrating the police force sufficient to violate due process under the Fourteenth Amendment or unreasonable or negligent use of force under the Fourth Amendment.  John M. Stone, CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR USE OF EXCESSIVE FORCE BY POLICE IN MAKING ARREST, 18 CAUSES OF ACTION § 6.  "More specific criteria that generally are considered relevant in determining whether force was excessive include:  (1) the need for the application of any force; (2) the relationship between the need for force and the amount of force actually used; (3) the extent of the injury inflicted; and (4) whether force was used in a good faith effort to restore or maintain discipline, or maliciously and sadistically for the very purpose of causing harm." *Id.* citing *Johnson v. Glick*, 481 F.2d 1028 (2d Cir. 1973).**

**Normally the police officers who actually used the excessive force and any supervisor who actually directed, participated in or failed to prevent the use of such excessive force may be subject to legal liability.  *Id.* at § 21.  However, the arresting officer will not be a proper defendant if they did not participate in or otherwise cause the use of excessive force. *Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973).  Moreover, an officer may, however, be entitled to qualified immunity if he can show his actions**

5

were those of a reasonable officer under the circumstances. *Lampkin v. Little*, 286 F.3d 1206 (10th Cir. 2002). If Plaintiffs want to name the City as a defendant, further allegations will be necessary. *Oklahoma City v. Tuttle*, 471 U.S. 808 (1985); *Williams v. Chicago*, 658 F. Supp. 147 (N.D. Ill. 1987).

### *Count Two*

Plaintiffs allege Jeffrey Weiss was arrested for battery against a family member on December 22, 2002. Apparently also referring to the arrest discussed in Count One, Plaintiffs conclude, "These two arrests are TORTS and a preventive detention which have injured plaintiff J. Weiss both mentally and physically."

Again, it is difficult for the Court to sort out Plaintiffs' intent and the nature of their claims. If the two arrests are torts, as claimed, they do not come within the Federal Tort Claims Act. 28 U.S.C. § 2671 *et seq. See Garcia v. Reed*, 227 F. Supp. 2d 1183 (D.N.M. 2002) (Federal Tort Claims Act applies only to federal employees). If only state torts are plead, this Court lacks original jurisdiction. Even if this claim could be stretched to allege a federal civil rights claim, the only evidence Plaintiffs could produce at the January 2004 hearing was evidence J. Weiss pled *nolo contendere* to the December 2002 charge. Unless such a conviction is reversed or invalidated, a plaintiff has no cause of action for a civil rights violation arising therefrom. *Heck v. Humphrey*, 512 U.S. 477, 486-88 (1994).

There is nothing alleged in Count Two this Court can find to assert jurisdiction over.

### Count Three

In its entirety, this Count reads: "A TORT letter was received by Duane Tom Goode of Risk Mgt. For LCPD. A second Tort letter was sent to Chief Bill Baker in a timely fashion." As previously noted, while this does not support a federal claim, it strongly reinforces the conclusion Plaintiffs seek to advance state law tort claims over which this Court lacks original jurisdiction. *See* § 41-4-16 NMSA 1978 (1996 Repl. Pamp.); *Smith v. State ex rel. NM Dept. of Parks & Rec.*, 743 P.2d 124 (N.M. App. 1987) (notice to supervising state authority sufficient to allow tort claim in State court against New Mexico).

### Count Four

This Count is apparently directed against a New Mexico State District Judge, Larry Ramirez, who is, however, not actually named as a defendant in the complaint. This segment of the complaint alleges: "On November 5, 2002, plaintiff J. Weiss was given an involuntary treatment order by Judge Larry Ramirez of the 3rd Judicial District- a commitment to Las Vegas, NM state hospital. Two weeks later he was sent back in a cab, the state of NM had paid for due to the fact that the hospital does not treat broken shoulders, or alcoholism."

**If this is intended as a claim against Judge Ramirez, he is protected against such allegations by judicial immunity.** ***Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183 (10th Cir. 2003) (judicial immunity is absolute).  Otherwise, this Court can discern no federal claim in this allegation.**

*Count Five*

**The Court is again unable to decipher any cognizable legal cause of action from this claim which reads:**

> **"After the second arrest an arraignment disposition was issued by J. Lacatelli, judge at the Municipal Court.  The arraignment was held at the Municipal Court and J. Weiss was placed on probation for 6 months and must pay a fine monthly.  Plaintiff Charlotte Weiss will show Judge Lacatelli if (*sic*) issued a charge of battery against a household member-DOM. violence.  On the defendant disposition information, docket number 2002-030666-DV.  He was found not guilty.  This will become another exhibit addes (*sic*) to another 15 exhibits forthcoming."**

**If it is intended to state a claim against Judge Lacatelli, he, too, is protected by judicial immunity.  *Ledbetter, supra*.  Plaintiff was in any event unable to produce evidence that the no contest plea and verdict on the second arrest (December 22) was in any way legally invalid, so any federal civil rights claim arising out of that proceeding would be barred by *Heck v. Humphrey, supra*.**

*Conclusion*

**Plaintiffs have added a "conclusion" to their complaint.  Again, it is difficult to understand whether this is intended as a cause of action or an *ad damnum* clause.  It reads:**

> "This invasion of privacy and Civil Rights violations is unwarranted, wrongful and an intrusion by police offers (*sic*) on plaintiffs Charlotte and Jeffrey Weiss. This exploitation the police officers forced upon plaintiffs cased (*sic*) great mental suffering and humiliation affecting both plaintiffs. Plaintiff Jeffrey Weiss's privacy is encompassed as an aspect of liberty and civil rights. Wherefore both plaintiffs are conducting this lawsuit on their own under FEDERAL CIVIL PROCEDURE .24."

Initially, it should be noted that FEDERAL RULE OF CIVIL PROCEDURE 24 governs intervention in an existing suit and is not intended to allow the creation of a completely new suit. *Washington Elec. Co-op, Inc. v. Massachusetts Mun. Wholesale Elec. Co.*, 922 F.2d 92 (2d Cir. 1990). If Plaintiffs' conclusion is intended to state an invasion of privacy claim, that is again generally a state, not a federal, claim. *Moore v. Sun Publishing Co.*, 881 P.2d 735 (N.M. App. 1994). If Plaintiffs intend federal law to provide a basis for an invasion of privacy claim, they must articulate such a claim with far more specificity than this. *Paul v. Davis*, 424 U.S. 693 (1976).

In short, Plaintiffs have failed to set out a basis for federal jurisdiction or set out claims this Court can adjudicate. If Plaintiffs wish to pursue the matter in federal court, they are strongly encouraged to employ an attorney or strictly comply with the proper elements of federal pleading. In regard to the latter, the Tenth Circuit library on the third floor of the Federal Courthouse in Albuquerque will provide Plaintiffs access to CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR USE OF EXCESSIVE FORCE, 18 CAUSES OF ACTION 871 (WL 2004), and 62 Am. Jur. 2d INVASION OF PRIVACY.

**O R D E R**

For the above stated reasons, Defendants' motion is GRANTED. Plaintiffs will be allowed thirty (30) days from the date of this Order to move to file an amended complaint, with complaint attached. If Plaintiffs fail to file such a motion to amend within thirty days, the case will be Dismissed without prejudice, each side to bear their own costs and fees.

SO ORDERED this 15th day of July, 2004.

*/s/ Bruce D. Black*
**BRUCE D. BLACK**
**United States District Judge**