IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


CHARLOTTE WEISS and JEFFREY WEISS,

        Plaintiffs,

v.                                                                             No. CIV 03-484 BB/DJS

LAS CRUCES POLICE DEPARTMENT,
CITY OF LAS CRUCES, BILL BAKER,
MICHAEL AVILUCEA, RUDY LOPEZ, and
SEBERTO TORRES,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

      This matter comes before the Court pursuant to several motions, including the following: a pleading filed by Plaintiffs, which the Court will construe as a motion to amend the complaint as well as a proposed amended complaint [Doc. 74]; Defendants' motion to dismiss that pleading [Doc. 75]; Plaintiffs' motion for enforcement of police ethics codes [Doc. 68]; and Plaintiffs' motion for arbitration [Doc. 78]. Having considered the submissions of the parties and the applicable law, the Court will grant the motion to amend the complaint in part, allowing Plaintiff Jeffrey Weiss to pursue a single claim of excessive force in violation of the Fourth Amendment. The Court will grant the motion to dismiss in part, dismissing every other claim Plaintiffs might be attempting to raise, as well as dismissing Plaintiff Charlotte Weiss as a party to this lawsuit. Finally, the Court will deny the ethics codes motion and the motion for arbitration.

      **Motion to Amend Complaint/Motion to Dismiss:** In response to this Court's prior opinion of July 15, 2004 [Doc. 72], Plaintiffs have submitted an amended complaint attempting to state federal-law claims rather than state-law claims. In the amended complaint, which is still far from

clear, Plaintiffs make the following allegations: (1) Defendant police officers broke two bones in Plaintiff Jeffrey Weiss' left arm while arresting him; (2) by doing so, the police officers used excessive force; (3) the 4th Amendment protects against unreasonable seizures; and (4) the excessive force exerted by the police officers was "within the boundry (sic) if (sic) U.S.C.-1983..." Construing these allegations liberally, as the Court must, the Court finds Plaintiff Jeffrey Weiss has stated a § 1983 claim for violation of his Fourth Amendment right to be free from excessive force during an arrest. *See French v. Adams County Detention Center*, 379 F.3d 1158, 1159 (10th Cir. 2004) (*pro se* complaint must be construed liberally).

Having reviewed the amended complaint carefully but liberally, the Court cannot find that it states any other federal-law claim. The amended complaint mentions false statements and defamation, which as the Court previously discussed are state-law claims. The complaint also discusses a hearing on January 6, 2004, which is apparently a hearing held in this Court concerning pending motions. [Doc. 55, minutes of hearing] This portion of the amended complaint appears to be directed at the merits of the case as well as Plaintiffs' complaints about the procedures followed in federal court. Even construing the amended complaint liberally, the only federal cause of action the Court can discern is the excessive-force claim discussed above. As the Court noted in its previous opinion, the Court declines to exert supplemental jurisdiction over any state-law claims Plaintiffs may be attempting to raise, especially since it is difficult to find the factual basis for such claims in Plaintiffs' pleadings. For these reasons, the Court will grant in part Defendants' motion to dismiss, dismissing all claims except the claim that Defendants exerted excessive force against Jeffrey Weiss during the arrest.

Given the Court's holding, the Court must determine whether Charlotte Weiss may continue to be a party to this lawsuit. Where a constitutional claim of excessive force has been asserted, that

claim is personal to the individual whose rights were violated. *Archuleta v. McShan*, 897 F.2d 495, 497 (10th Cir. 1990) (a § 1983 claim must be based on the violation of the plaintiff's personal rights, and not someone else's rights). This rule applies to family members of the injured party. *Estate of David Fuentes v. Thomas*, 107 F.Supp.2d 1288, 1295 (D. Kan. 2000). In this case, Jeffrey Weiss is the Plaintiff who was allegedly injured by the police during the arrest. Plaintiff Charlotte Weiss was not at the scene of the arrest and was not physically injured by Defendants. She therefore has no standing to participate in this case as a Plaintiff. *See, e.g., Archuleta* (child who witnessed exercise of excessive force against his father could not bring constitutional claim for emotional trauma suffered as a result). The Court will therefore dismiss Charlotte Weiss as a Plaintiff. The Court reminds Charlotte Weiss that she may not represent her son in this case; he must represent himself or be represented by an attorney.

**Motion to Enforce Police Ethics Codes:** This motion is directed at the merits of the case, alleging that one of the Defendants is not telling the truth about his involvement in the arrest. The question of the Defendants' truthfulness is a matter to be determined at trial, not by way of a motion. This motion will therefore be denied.

**Motion for Arbitration:** To the extent this motion is a request by Plaintiff that the case be submitted to binding arbitration, the Court has no authority to do so. Binding arbitration must be agreed upon by both parties to the litigation. To the extent the motion is a request for a settlement conference in front of a magistrate judge, the Court notes that such settlement conferences are routinely held in accordance with the usual practices of this Court. Should this case advance to the stage at which a settlement conference would normally be held, the usual procedure will be followed. The Court will not, however, short-circuit that procedure and order that an immediate settlement conference take place.

**ORDER**

Pursuant to the foregoing Memorandum Opinion, it is hereby ORDERED as follows:  (1) Plaintiffs' motion to amend the complaint [Doc. 74] is GRANTED in part and DENIED in part, leaving one claim in this case:  Plaintiff Jeffrey Weiss' § 1983 claim for violation of his right to be free from excessive force; (2) Defendants' motion to dismiss [Doc. 75] is GRANTED in part and DENIED in part; (3) Plaintiff Charlotte Weiss is DISMISSED from the case as a party; (4) Plaintiffs' motion for enforcement of police ethics codes [Doc. 68] is DENIED; and (5) Plaintiffs' motion for arbitration [Doc. 78] is DENIED.

Dated:   November  29, 2004.

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE

**Attorneys:**
Charlotte Weiss, *pro se*
Jeffrey Weiss, *pro se*

For Defendants:
Harry S. (Pete) Connelly
Richard M. Jacquez